**SO ORDERED: June 08, 2009.**

_____
**Frank J. Otte**
**United States Bankruptcy Judge**

```
          UNITED STATES BANKRUPTCY COURT
           SOUTHERN DISTRICT OF INDIANA
              INDIANAPOLIS DIVISION
```

IN RE:

SEAN PATRICK COLE          ) CASE NO.08-10258-FJO-7A
DANA ANGELA COLE           )
                           )
        Debtors            )

**ORDER ON TRUSTEE'S MOTION**
**FOR TURNOVER**

This matter came before the Court upon the filing of the Chapter 7 Trustee's Motion for Turnover and the Objection filed by the Debtors. This matter is now ready for the Court's ruling. The issue before the Court is whether wages earned but not yet paid as of the petition date are exempt property, in whole or in part, under section 522(b) of the Bankruptcy Code. The Court will not discuss the Trustee's request for turnover of a portion of the Debtors' federal/state tax funds since that issue is not contested by the Debtors.

The Trustee is seeking turnover of wages earned by the Debtors before the filing of the petition but not yet paid as of the petition date. The Debtors seek to exempt these wages pursuant to Indiana's wage garnishment statute, Indiana Code section 24-4.5-5-105.

This Court takes notice of the opinion issued by Judge James K. Coachys of this District in *In Re Haraughty*, Case Number 08-05587-JCK-7A on April 1, 2009 wherein the Court addressed the same issue currently pending before this Court. In the *Haraughty* opinion, Judge Coachys held that the Debtors were entitled to claim an exemption in earned but unpaid wages pursuant to Indiana Code section 24-4.5-5-105, however, the Debtor's exemption was limited to the amounts as provided for in the garnishment statute of the Indiana Code (section 24-4.5-5-105). Therefore, this Court finds, consistent with the *Haraughty* opinion of Judge Coachys, that only the portion of the wages as determined by the Indiana garnishment statute is subject to turnover to the Trustee.

Therefore, the Court ORDERS the Debtors to calculate claimed exemptions pursuant to the limits as set forth in garnishment statute and, within thirty (30) days from the date of this order, turn over to the Trustee the non-exempt balance of the wages. The Debtors are further ORDERED to

turn over to the Trustee within thirty (30) days of the date of this order the requested portions of Debtors' federal/state tax refunds as prayed for in the Motion.

###